NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3285

CINDERELLA A. MADISON,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Cinderella A. Madison, of Missouri City, Texas, pro se.

Jane C. Dempsey, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3285

CINDERELLA A. MADISON,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Petition for review of the Merit Systems Protection Board in DA-0752-02-0095-C-3

———————————————

DECIDED: January 22, 2010

———————————————

Before MICHEL, Chief Judge, NEWMAN and LOURIE, Circuit Judges.

NEWMAN, Circuit Judge.

Cinderella A. Madison petitions for review of the decision of the Merit Systems Protection Board ("Board") denying her petition for enforcement ("PFE"). Madison v. Department of Defense, 111 M.S.P.R. 614 (2009). The PFE arose from a prior Board decision in which Ms. Madison was restored to employment and awarded back pay, interest, and other accrued benefits. The Board held that Ms. Madison's PFE, insofar as it relates to tax consequences of the back pay and interest payments, is beyond the Board's

authority. The Board also affirmed the agency's treatment of "interest" on an erroneous duplicate payment into Ms. Madison's Thrift Savings Plan ("TSP") account. Ms. Madison appeals these rulings. We <u>affirm</u> the Board's decision.

BACKGROUND

On October 5, 2001 the Department of Defense removed Ms. Madison from her position as an instructor of English as a Second Language, at the Defense Language Institute at Lackland Air Force Base, Texas. The Board reversed the removal, <u>Madison v. Department of Defense</u>, 96 M.S.P.R. 274 (May 18, 2004) (Table), and directed the agency retroactively to restore Ms. Madison to her position as of October 5, 2001. Ms. Madison then retired as of June 30, 2004.

Ms. Madison filed a PFE with the Board, stating that the agency had not provided the correct TSP contributions from October 5, 2001, the date of her removal, to June 30, 2004, the date of her retirement. Thereafter Ms. Madison advised the Board that the agency had "fully complied with her concerns," and the Board dismissed the PFE.

After further proceedings, Ms. Madison filed another PFE, of which three concerns are raised on this appeal. Her first concern arose from the agency having mistakenly paid her twice the $5,497.40 in back pay interest. She notified the agency of the error, and returned the second check. Ms. Madison then sought assurance from the agency that only the single correct payment would be reported on IRS Form 1099-INT, and assurance that the error had been permanently corrected. The agency did not provide the requested assurance. The second concern arose from the agency's refusal to provide the requested confirmation that it sent (or would be sending) to the IRS corrected wage and tax statements, Form W-2c, for the years 2004 and 2005.

The third instance of alleged non-compliance arose from Ms. Madison's request that the agency remove from her TSP account the earnings or interest that accrued upon an erroneous duplicate payment of $10,647.26 deposited to her TSP account. On being told of the payment error the agency removed the duplicate payment, but not the earnings or interest that had been generated on the duplicate payment before the removal. Ms. Madison stated that the agency did not comply with 5 C.F.R. §550.805(h) ("agencies must correct errors that affect an employee's Thrift Savings Plan Account consistent with regulations prescribed by the Federal Retirement Investment Board. (See Parts 1605 and 1606 of this title.)") or with 5 C.F.R. §1605.12(e)(3) (addressing "negative adjustments involving erroneous employer contributions").

In an Initial Decision dated February 10, 2009, the administrative judge denied Ms. Madison's PFE in its entirety, explaining as follows:

> The appellant's requested remedies all relate to her potential tax liability due to the agency's actions to effect compliance with the Board's May 18, 2004 Order. As the agency correctly points out, all of the appellant's concerns are speculative, and relate to hypothetical scenarios that have yet to arise. In any event, the Board lacks the authority to remedy the tax consequences of back pay awards. See Kinney v. Department of Veterans Affairs, 103 M.S.P.R. 602, ¶16 (2006).

Initial Decision, at 5-6. The administrative judge further concluded that although Ms. Madison "might have some genuine dispute with her former employing agency regarding issues of concern to her, . . . the Board's compliance procedures are not the proper forum for her to resolve these issues." Id. at 6.

The full Board accepted Ms. Madison's petition for review of the Initial Decision. The Board determined that Ms. Madison's first two claims "essentially seek assurances regarding potential tax consequences, and are, therefore, beyond the Board's enforcement

authority," citing <u>Giove v. Office of Personnel Management</u>, 106 M.S.P.R. 53, ¶9 n.2 (2007); <u>Kinney</u>, 103 M.S.P.R. at 602, ¶16; <u>Holtgrewe v. FDIC</u>, 65 M.S.P.R. 137, 140 (1994).  As for Ms. Madison's concern about the excess interest or earnings that remained in her TSP account, the Board determined that those earnings were not in fact due to the erroneous double payment by the agency, but were attributable to the back pay owed to Ms. Madison and thus were properly hers.  Thus the Board treated this money as an erroneous employee contribution to her TSP, governed by 5 C.F.R. §1605.12(d)(1), rather than an erroneous employer contribution as asserted by Ms. Madison.  The regulation, §1605.12(d)(1), provides that, for employee contributions, "[e]arnings on the erroneous contribution will remain in the participant's account."  The Board thus concluded that the agency had complied with the Board's May 18, 2004 final order.

Ms. Madison appeals all of these rulings, stating that the Board erred in law.

DISCUSSION

With respect to the agency's failure to provide Ms. Madison with copies or advance copies of certain tax forms, her concern appears to have been to ensure that the agency's overpayment errors are not replicated in the documentation provided to the IRS.  In view of the agency's several erroneous payments to Ms. Madison, her concerns are understandable.  However, the Board correctly held that a PFE is not an appropriate avenue for obtaining assurances of correctness of tax reporting by the agency.  <u>See</u> <u>Kinney</u>, 103 M.S.P.R. at 602, ¶16 ("Although the appellant complains that he has been given no assurances from the agency regarding his tax liability based on his back-pay and interest award, we note that neither the settlement agreement nor the Board's authority provides for such assurances."); <u>Hopkins v. Department of Navy</u>, 86 M.S.P.R. 11, 12

(2000) ("The Board lacks authority to remedy the tax consequences of back pay awards."). Although Ms. Madison complains that the agency did not meet her requests for copies of the IRS filings, the Board's compliance proceedings "are designed to protect an appellant from being deprived of Board-ordered relief rather than referee every real or perceived grievance between the employee and the agency for years to come." Carson v. Department of Energy, 398 F.3d 1369, 1376 (Fed. Cir. 2005) (internal quotes omitted). We affirm the Board's denial of Ms. Madison's PFE as it relates to the two issues directed to the tax forms.

Ms. Madison also states that the earnings on the agency's overpayment to her TSP account should have been recovered by the agency along with the recovery of the overpayment. She cites 5 C.F.R. §1605.12(e)(3), which provides that, for erroneous employer contributions, "[a]ny earnings attributable to the erroneous contribution will be removed from the participant's account and used to offset TSP administrative expenses."

The agency stated, and the Board agreed, that the erroneous contribution to Ms. Madison's TSP account that is here at issue was not an employer contribution. The agency stated that although the agency incorrectly made a second deposit to Ms. Madison's TSP account, this deposit originated with the back pay owed to Ms. Madison, and upon correction was restored to the back pay. The agency stated, and the Board found, that the amount earned on the mistaken deposit to her TSP account was an earning of the back pay owed to Ms. Madison. On this explanation, the interest belonged to Ms. Madison and, even if it incorrectly found its way into her TSP, the money involved is properly treated as an employee erroneous contribution to the TSP. The relevant regulation, 5 C.F.R. §1605.12(d)(1), states that, for erroneous employee contributions, "[e]arnings on the

erroneous contribution will remain in the participant's account." Thus the Board found no error in the agency's compliance with the applicable regulation, and denied Ms. Madison's PFE on this issue. We agree that this is the correct disposition.

The Board's rulings are correct in law, and are affirmed.

No costs.