**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL D. CROWELL,

Appellant,

v.

DEPARTMENT OF JUSTICE,

Agency.

DOCKET NUMBER
DE-1221-11-0535-C-1

DATE: October 29, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Michael D. Crowell</u>, Kansas City, Missouri, pro se.

<u>Natalie Holick</u>, Kansas City, Kansas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which denied his petition for enforcement.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed a petition for enforcement alleging that the agency had breached the settlement agreement in his underlying individual right of action (IRA) appeal. MSPB Docket No. DE-1221-11-0535-C-1, Compliance Appeal File (CAF), Tab 1. The settlement agreement had been entered into the record for enforcement purposes. *See* MSPB Docket No. DE-1221-11-0535-W-1, Initial Appeal File (IAF), Tab 17, Initial Decision. The appellant alleged that, by denying his request for a waiver of the mandatory retirement age for his chaplain position, which is a law enforcement officer position with a mandatory retirement age of 57, the agency breached the provision of the agreement that it would not retaliate against him for filing the IRA appeal and/or exercising his right under the Whistleblower Protection Act. *See* CAF, Tab 1; IAF, Tab 15.

¶3 The administrative judge denied the appellant's petition. CAF, Tab 7, Compliance Initial Decision (CID). The administrative judge found that, even assuming the truth of the appellant's allegations supporting his assertion of breach, the appellant failed to show that the agency's stated reason for denying his request for waiver, i.e., that there were qualified candidates available to fill the position, was not the true reason for its denial. CID at 6. The administrative

judge found that the appellant conceded that his position could readily be filled by another chaplain. CID at 6.

¶4    A settlement agreement is a contract, and, as such, will be enforced in accord with contract law. *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 7 (2009), *aff'd*, 420 F. App'x 980 (Fed. Cir. 2011). The Board will enforce a settlement agreement which has been entered into the record in the same manner as a final Board decision or order. *Id*. Where the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance. *Id*. The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence. *Id*.

¶5    In his petition, the appellant states that he did not know that he could call witnesses in the compliance proceeding. Petition for Review (PFR) File, Tab 1. The administrative judge informed the appellant that he had the ultimate burden to prove breach by preponderant evidence. CAF, Tab 2. To the extent that the appellant's statement regarding witnesses is an assertion that the administrative judge should have held a hearing, his assertion is unavailing. The appellant did not request a hearing, and, in any event, the Board's regulations provide that the decision to hold a hearing in a compliance matter is discretionary and there is no right to a hearing regarding a petition for enforcement. *See King v. Department of the Navy*, 98 M.S.P.R. 547, ¶ 9 (2005), *aff'd*, 167 F. App'x 191 (Fed. Cir. 2006); *see also* 5 C.F.R. § 1201.183(b)(3). The administrative judge in his discretion may hold a hearing in a petition for enforcement, if necessary to resolve disputed facts. *See Madison v. Department of Defense*, 111 M.S.P.R. 614, ¶ 8 (2009), *aff'd*, 363 F. App'x 26 (Fed. Cir. 2010) (Table); *see also* 5 C.F.R. § 1201.183(a)(3). Here, there were no disputed facts because the administrative judge assumed the truth of the appellant's allegation that the officials who denied his request were aware of his protected activity. CID at 6. As a result, the

administrative judge properly exercised his discretion to not hold a hearing in this petition for enforcement.

¶6        The appellant submitted additional documents with his petition for review. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  The appellant submitted an email to the warden of his facility and correspondence with the office of Senator Pat Roberts regarding his situation, all dated before the close of the record below. PFR File, Tab 1.  These documents were available before the close of the record and so we have not considered them.

¶7        The appellant also submits a response to a Freedom of Information Act (FOIA) request that he received after the close of the record.  Because the FOIA request response was unavailable before the close of the record, and thus is new evidence, we have considered it.  That response document shows that, between 2001 and 2013, nine chaplains (two Protestants, one Catholic, and six Muslims) at various agency facilities were granted age waivers.  The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).   The appellant has failed to provide evidence of the circumstances surrounding the age waivers in these cases.  The appellant's submission does not include any information that would allow a meaningful comparison of these other chaplain's situations to the appellant's situation.  Thus, considering the record as a whole, including the new evidence submitted on petition for review, we agree with the administrative judge's finding that the appellant failed to meet his burden to show that retaliation in violation of the settlement agreement, and not the availability of qualified candidates to fill the chaplain position, was the true reason for the

agency's denial of his request for a waiver of the mandatory law enforcement officer retirement age.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.